UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PREVENT USA CORP., et al.,

    Plaintiffs,                                Civil Action No. 19-CV-13400

vs.                                           HON. BERNARD A. FRIEDMAN

VOLKSWAGEN, AG, et al.,

    Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

       This matter is presently before the Court on defendants' motion "to stay discovery pending a decision on defendants' forthcoming motion to dismiss" [docket entry 16]. Plaintiffs have filed a response in opposition, defendants have filed a reply, and plaintiffs have filed a sur-reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

       This is an antitrust case in which plaintiffs allege essentially that defendants have abused their market power and used unfair, anti-competitive tactics to suppress the cost of components manufactured by suppliers such as plaintiffs. Plaintiffs also allege that defendants have exerted unlawful pressure on financially weak or failing suppliers to prevent them from being acquired by other, more financially secure, suppliers such as plaintiffs. As summarized in the complaint,

> [T]his is a case about anticompetitive and tortious tactics used by Volkswagen, the largest carmaker in the world, to maintain its stranglehold over suppliers of automotive component parts. Volkswagen's business model depends on keeping its lower tier suppliers small and weak. The Plaintiff in this case is the Prevent Group—an international supplier with a subsidiary registered in this District—that finally stood up to Volkswagen and presented a direct challenge to its business model. It did so through a strategy to

> acquire smaller, distressed suppliers and thereby create a procompetitive check on Volkswagen's market power. In response, Volkswagen undertook an anticompetitive campaign to block any such acquisitions, including by extracting written agreements from suppliers not to sell themselves to Prevent Group. This strategy was carried out with the purpose and effect of suppressing competition, maintaining Volkswagen's market power over suppliers, and in the process causing massive losses to Prevent

Compl. ¶ 1. Plaintiffs assert claims under the federal and Michigan antitrust laws, and for tortious interference with business expectancy, civil conspiracy, and unjust enrichment. Plaintiffs allege they have suffered at least $750 million in damages. *Id.* ¶¶ 14, 154, 159.

In the instant motion, defendants seek to stay discovery until after the Court has ruled on motions to dismiss they intend to file by March 19, 2020. In a stipulated order dated January 17, 2020, the parties agreed that defendants would waive any objections to service of process in exchange for plaintiffs' agreement that defendants would have until March 19 to file answers or motions to dismiss. Defendants indicate that they intend to seek dismissal on various grounds, including forum non conveniens, lack of personal jurisdiction, and failure to state antitrust claims. They argue that if any discovery were to be conducted now, it would prove to be an exercise in futility if the Court dismisses the complaint for any of the reasons they intend to present. In response, plaintiffs indicate that defendants' arguments regarding dismissal are unlikely to succeed and that plaintiffs would be prejudiced by the anticipated months-long period of time it will take for the Court to decide defendants' motions.

In its discretion, the Court shall grant defendants' motion and stay discovery in this matter until after the motions to dismiss are decided. Plaintiffs have not shown that they will be prejudiced by any delay in discovery such a stay will cause. Nor does the Court anticipate that the delay will be lengthy. Defendants' motions to dismiss are due by March 19, and once the briefing

is complete the Court intends to decide them promptly. If, as defendants note, the Court dismisses the complaint or any portion thereof, any discovery taken before such a ruling is made would have cost the parties (and the Court, to the extent any discovery disputes might arise) wasted time, money, and effort. The most reasonable approach under these circumstances is to stay all discovery until the motions to dismiss are decided.

SO ORDERED.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 13, 2020
Detroit, Michigan